# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# NO. 1:10-CV-113-MR-DSC

|  |  |
|---|---|
| DANNY RAY BRIDGES, | ) |
| Plaintiff, | ) |
| v. | ) |
| ALVIN W. KELLER JR., Secretary of the North Carolina Department of Correction; PAYTON TURPIN, MD; SHERRY L. KILBY, L.P.N.; ROBERT HAGGARD; R.N., JOHN MORGAN, N.P.; JOHN DOE 2; and KEITH KUHNE, MD, | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants Keller, Kilby and Haggard's "Motion for Summary Judgment" (document #14), Defendants Turpin, Kuhne, and Morgan's "Motion to Dismiss" (document #20), and "Plaintiff's Motion for Limited Expedited Discovery ..." (document #24), and the parties' associated briefs and exhibits. See documents ## 15, 21, 25-31.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the subject Motions are ripe for disposition.

On June 2, 2010, Plaintiff Danny Ray Bridges filed his Complaint, alleging claims under 42 U.S.C. § 1983 arising from Defendants and other North Carolina Department of Correction

("DOC") healthcare providers' alleged deliberate indifference to his severe medical condition involving a torn rotator cuff in his left shoulder.

Plaintiff's failure to identify fully the medical providers as well as the dates and types of treatment he received is a principal issue raised in Defendants Keller, Kilby and Haggard's "Motion for Summary Judgment" and Defendants Turpin, Kuhne, and Morgan's "Motion to Dismiss." In his Motion and attached Affidavits, Plaintiff credibly asserts that limited discovery is necessary to enable him to identify the "numerous healthcare providers from which he sought relief for his severe injury or the dates of service on which he was treated by each of them." Document #24 at 5. Implicit in Plaintiff's Motion is his intention to seek leave to amend his Complaint once he has conducted limited discovery addressing these issues.

Plaintiff seeks leave to serve written discovery requests on the following matters:

(i) Identify each and every healthcare worker employed by or under contract with DOC who consulted with Plaintiff or provided him any treatment in connection with his left shoulder;

(ii) Identify the dates on which each such healthcare provider consulted with Plaintiff or provided him any treatment in connection with his left shoulder;

(iii) Identify and produce any and all documents that refer or relate to requests by Plaintiff for diagnosis or treatment of his left shoulder;

(iv) Identify and produce any and all documents that refer or relate to consultations with Plaintiff by DOC healthcare providers relating to his left shoulder;

(v) Identify and produce any and all documents that refer or relate to diagnosis or treatment of Plaintiff's left shoulder by DOC healthcare providers;

(vi) Create and produce a legible transcription of each of such medical record;

(vii) Identify and produce all DOC protocols or policies applicable to any nurse, physician or other DOC healthcare provider, which policies or protocols could be construed as applying to an inmate's request for diagnosis and treatment of a shoulder injury, including but not limited to the Division of Health Services protocols referenced in the Answer by Defendants Keller, Kilby and Haggard. Plaintiff's "Memorandum ... in Support" at 3-4 (document #25).

The Court concludes in its discretion that Plaintiff should be permitted to conduct limited discovery on these matters. Accordingly, Plaintiff's "Motion for Limited Expedited Discovery" is granted.

Because it appears likely that Plaintiff will file an Amended Complaint, which will moot the pending dispositive Motions,[1] the undersigned respectfully recommends that those Motions be denied without prejudice to Defendants' right to re-file motions raising the same and/or other issues at the appropriate time.

**ORDER**

**IT IS ORDERED** that "Plaintiff's Motion for Limited Expedited Discovery ..." (document #24) is **GRANTED**, that is, on or before January 21, 2011, Plaintiff shall serve Interrogatories and/or Requests for Production of Documents limited in scope to the seven (7) matters discussed above. Defendants shall serve timely responses to those discovery requests as provided by the Federal Rules of Civil Procedure.

---

[1] It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Accord Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); and Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants Keller, Kilby and Haggard's "Motion for Summary Judgment" (document #14) and Defendants Turpin, Kuhne, and Morgan's "Motion to Dismiss" (document #20) be **DENIED WITHOUT PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Martin Reidinger.

**SO ORDERED AND RECOMMENDED.**

Signed: January 3, 2011

David S. Cayer
United States Magistrate Judge